___



SO ORDERED,

**Judge Neil P. Olack**
**United States Bankruptcy Judge**
**Date Signed: December 3, 2020**

The Order of the Court is set forth below. The docket reflects the date entered.
___

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **IN RE:** | |
| DANNY R. HOLLINS, | CASE NO. 19-02951-NPO |
| DEBTOR. | CHAPTER 7 |
| THE JEFFERSON BANK | PLAINTIFF |
| VS. | ADV. PROC. 19-00057-NPO |
| DANNY HOLLINS | DEFENDANT |

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR SUMMARY JUDGMENT

This matter came before the Court on the Motion for Summary Judgment (the "Summary Judgment Motion") (Adv. Dkt. 44)[1] filed by The Jefferson Bank ("Jefferson Bank"); the Memorandum in Support of Motion for Summary Judgment (the "Summary Judgment Brief") (Adv. Dkt. 45) filed by Jefferson Bank; the Defendant's Response to Plaintiff's Motion for

---

[1] Citations to the record are as follows: (1) citations to docket entries in the above-styled adversary proceeding (the "Adversary") are cited as "(Adv. Dkt. ____)"; (2) citations to docket entries in the above-styled bankruptcy case (the "Bankruptcy Case") are cited as "(Bankr. Dkt. ____)".

Summary Judgment (the "Response") (Adv. Dkt. 49) filed by the debtor, Danny R. Hollins ("Hollins"); the Defendant's Opposition to Memorandum in Support of Motion for Summary Judgment (the "Brief in Opposition to Summary Judgment Motion") (Adv. Dkt. 51)[2] filed by Hollins; and The Jefferson Bank's Reply in Support of Motion for Summary Judgment (the "Reply") (Adv. Dkt. 54) filed by Jefferson Bank in the Adversary. Jefferson Bank attached twenty-five (25) exhibits, marked as Exhibits "1" through "25" (Adv. Dkt. 44-1 to 44-25), to the Summary Judgment Motion. The Defendant attached five (5) exhibits, labeled as Exhibits "1" through "5" (Adv. Dkt. 51-1 to 51-5), to the Brief in Opposition to Summary Judgment Motion.

## Jurisdiction

The Court has jurisdiction over the subject matter of and the parties to this proceeding under 28 U.S.C. § 1334. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (I), and (O).

## Facts[3]

The Adversary concerns a fraudulent scheme allegedly spearheaded by Robert Givens ("Givens") to obtain loans from numerous banks, including Jefferson Bank. As part of the scheme, Givens purportedly used others to sign the loan documents. Jefferson Bank alleges that Hollins was part of that scheme, but Hollins denies any involvement. The undisputed facts follow below:

---

[2] Hollins filed the Defendant's Opposition to Memorandum in Support of Motion for Summary Judgment (Adv. Dkt. 50) on October 29, 2020. The next day, Hollins filed the Brief in Opposition to Summary Judgment Motion as a "Corrected Brief," the Court did not consider the earlier version of the Brief in Opposition to Summary Judgment Motion.

[3] Pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable to the Adversary by Rule 7052 of the Federal Rules of Bankruptcy Procedure, the following constitutes the findings of fact and conclusions of law of the Court.

1. On October 11, 2018, Hollins executed a Promissory Note (Commercial – Single Advance) (the "Promissory Note") (Adv. Dkt. 44-23) in the amount of $389,000.00 with Jefferson Bank. That same day, Hollins executed a Security Agreement (the "Security Agreement") (Adv. Dkt. 44-23 at 5) granting Jefferson Bank a security interest in the following farm equipment:

| Equipment | VIN | Value |
|---|---|---|
| 2015 John Deere Tractor | JD702904 | $308,000.00 |
| 2014 CIH Patriot 3340 | 006308 | $165,000.00 |
| 2013 Cat 420F | CAT106324 | $60,000.00 |
| 2015 Case IH Steiger 500 QT | CA007324 | $250,000.00 |
| 2013 JD 6150M PWR | JD573037 | $92,000.00 |
| 2011 Kinze 3600 Planter | 47320 | $85,000.00 |
| Case IH Precision Disk | YAS004291 | $55,000.00 |
| Case IH Steiger 500 HD | CA4324083 | $235,000.00 |

(collectively, the "Collateral") (Adv. Dkt. 44-23 at 5, 20-24). Attached to the Security Agreement are eight (8) bills of sale memorializing the purported sale of the Collateral from Givens to Hollins. (Adv. Dkt. 44-23 at 12-19). Also attached to the Security Agreement are appraisals from Flowers Equipment, Inc. assigning the above values to the Collateral. (Adv. Dkt. 44-23 at 20-24).

2. On August 16, 2019, Hollins filed a petition for relief under chapter 7 of the U.S. Bankruptcy Code (the "Code") (Bankr. Dkt. 1). On Schedule E/F: Creditors Who Have Unsecured Claims, Hollins listed Jefferson Bank as the holder of a nonpriority, unsecured claim in the amount of $357,931.10. (Bankr. Dkt. 3 at 19). Hollins did not list any of the Collateral in Schedule A/B: Property. (Bankr. Dkt. 3 at 3).

3. In the Bankruptcy Case, Jefferson Bank filed a proof of claim in the amount of $365,139.75. (Bankr. Cl. 1-1).

4. On November 25, 2019, Jefferson Bank initiated the Adversary by filing The Jefferson Bank's Complaint to Deny Discharge of Debt Pursuant to 11 U.S.C. § 523 (the "Complaint") (Adv. Dkt. 1). Jefferson Bank alleges claims for breach of contract and fraud.

Specifically, Jefferson Bank asserts that Hollins breached the Promissory Note and Security Agreement by: (a) failing to make payments when due; (b) failing to perform a condition or to keep a promise or covenant; (c) making a verbal or written statement or providing financial information that was untrue or inaccurate, or that concealed a material fact; and/or (d) transferring all or a substantial part of his money or property. (Adv. Dkt. 1 ¶¶ 31-32). Jefferson Bank also alleges that Hollins was in default because the value of the Collateral had declined or was impaired or because a material adverse change had occurred in Hollins' financial condition. (Adv. Dkt. 1 ¶ 31). As to its fraud claim, Jefferson Bank contends that Hollins knowingly and fraudulently made representations to Jefferson Bank about his financial condition and his ownership and possession of the Collateral. (Adv. Dkt. 1 ¶ 35). Jefferson Bank asks the Court to issue a judgment against Hollins for actual damages in the amount of $365,139.75 and attorneys' fees and costs and to declare the judgment nondischargeable under 11 U.S.C. § 523(a)(2) and/or (a)(6).[4]

6. On January 6, 2020, the Court entered the Order of Discharge (Bankr. Dkt. 50) in the Bankruptcy Case, granting Hollins a discharge pursuant to § 727.

7. Hollins filed the Answer and Defenses to the Jefferson Bank's Complaint to Deny Discharge of Debt Pursuant to 11 U.S.C. § 523 (the "Answer") (Adv. Dkt. 9) denying any liability. The Answer also raises fifteen (15) affirmative defenses to the claims alleged in the Complaint. (Adv. Dkt. 9 at 1-4).

8. On September 28, 2020, Jefferson Bank filed the Summary Judgment Motion and Summary Judgment Brief asking the Court to "find that Hollins' debt to Jefferson Bank is nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(2)(B)." (Adv. Dkt. 45 at 22).

---

[4] Hereinafter, all code sections refer to the Code found at Title 11 of the United States Code, unless otherwise noted.

9.      Hollins filed the Response and the Brief in Opposition to Summary Judgment Motion denying the allegations in the Summary Judgment Motion.  In general, Hollins alleges that Givens, with the assistance of Andy Noah, a senior loan officer at Jefferson Bank, masterminded the transaction at issue.  (Adv. Dkt. 51 at 12).

10.     On November 20, 2020, Jefferson Bank filed the Reply again asking the Court to "find that Hollins' debt to Jefferson Bank is nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(2)(B)."  (Adv. Dkt. 54).

## Discussion

### A.      Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure, as made applicable to adversary proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  To prevail on a motion for summary judgment, a party must "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."  FED. R. CIV. P. 56(c)(1)(A).  "[I]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law" then the court shall grant the motion for summary judgment.  *Am.*

*Express Centurion Bank v. Valliani (In re Valliani)*, No. 13-4030, 2014 WL 345700, at *2-3 (Bankr. E.D. Tex. Jan. 30, 2014) (citing *Celotex*, 477 U.S. at 322 (internal quotations omitted)).

The movant carries the burden "of informing the . . . court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *See Celotex Corp.,* 477 U.S. at 323. The Court "must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). "[T]here are two (2) elements that must be met in order for summary judgment to be appropriate: (1) there must be no genuine dispute of the material fact; and (2) the undisputed facts are such that the movant is entitled to judgment as a matter of law." *Greenpoint AG, LLC v. Kent (In re Kent)*, 554 B.R. 131, 139 (Bankr. N.D. Miss. 2016). The court looks to the substantive law to determine if a fact is material. *Id.* at 139-40.

If the movant meets the initial burden, "the burden of production shifts to the nonmovant who then must rebut the presumption by coming forward with specific facts, supported by the evidence in the record, upon which a reasonable factfinder could find a genuine fact issue for trial." *Quackenbush v. U.S. Dep't of Educ. (In re Quackenbush)*, No. 16-00044-NPO, 2018 WL 4056993, at *3 (Bankr. S.D. Miss. Aug. 24, 2018) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Further, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Summary judgment is proper where "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she

has the burden of proof." *Celotex Corp.*, 477 U.S. at 323. Moreover, on a motion for summary judgment, the role of this Court is "not . . . to weigh the evidence and determine the truth of the matter but to determine whether these is a genuine issue for trial." *Anderson*, 475 F.3d at 675.

**B.     Liquidation of Jefferson Bank's State-Law Claims**

Jefferson Bank seeks summary judgment on its dischargeability claims asserted in the Complaint under § 523(a)(2)(A) and (B)[5] but does not expressly ask the Court to grant summary judgment on its breach of contract claim or fraud claim under Mississippi law. A bankruptcy court cannot declare a debt nondischargeable, however, until the creditor establishes the existence and amount of that debt. Indeed, a motion for summary judgment filed when a debt has not been reduced to judgment, which is the situation here, involves a two-step process: (1) the establishment of the debt owed to the creditor under applicable law and (2) a determination of the dischargeability of that debt under bankruptcy law. Thus, before reaching the merits of the dischargeability issue, the Court must address the liquidation of Jefferson Bank's claims under Mississippi law. *See Morrison v. W. Builders of Amarillo, Inc. (In re Morrison)*, 555 F.3d 473, 478-79 (5th Cir. 2009) (holding that bankruptcy courts have both subject matter jurisdiction and the constitutional authority to liquidate state-law claims as part of the adjudication of any dischargeability issue); *see also Saenz v. Gomez (In re Saenz)*, No. 17-41004, 2018 WL 3746810 (5th Cir. Aug. 7, 2018); *Countrywide Home Loans, Inc. v. Cowin (In re Cowin)*, 492 B.R. 858, 887 (Bankr. S.D. Tex. 2013) (finding that *Stern v. Marshall*, 564 U.S. 462, 479-80 (2011), left intact a bankruptcy court's authority to fully adjudge state-law claims in dischargeability actions). To that end, before

---

[5] Jefferson Bank does not seek summary judgment on its dischargeability claim under § 523(a)(6).

considering the Response or the Brief in Opposition to Summary Judgment Motion,[6] the Court reviews the Summary Judgment Motion, the Summary Judgment Brief, the Reply, and the supporting papers to determine if Jefferson Bank has alleged sufficient undisputed facts to support a judgment under Mississippi law for breach of contract and/or fraud.

To prevail on its breach of contract claim under Mississippi law, Jefferson Bank must show by a preponderance of the evidence: (1) the existence of a valid and binding contract; and (2) that Hollins has broken or breached the contract. *Bus. Commc'n, Inc. v. Banks*, 90 So. 3d 1221, 1224-25 (Miss. 2012). The word "breach" does not appear anywhere in the Summary Judgment Motion, the Summary Judgment Brief, or the Reply. It is the duty of Jefferson Bank, however, to "identify specific evidence in the record, and . . . articulate the 'precise manner' in which that evidence support[s] their claim." *Pride Transp. v. Cont'l Cas. Co.*, 804 F. Supp. 2d 520, 524 (N.D. Tex. 2011) (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). The Court, therefore, finds that there is insufficient summary judgment evidence to support a claim for breach of contract. The Court next turns to Jefferson Bank's fraud claim.

To prevail on its claim for common-law fraud, Jefferson Bank must show by clear and convincing evidence: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's

---

[6] As discussed below, the Court finds it unnecessary to consider the Response or the Brief in Opposition to Summary Judgment Motion in disposing of the Summary Judgment Motion because Jefferson Bank failed to meet its initial burden. The Court notes, however, that by attaching entire deposition transcripts to the Brief in Opposition to Summary Judgment Motion, Hollins did not comply with Local Rule 7056-1(1)(A)(iii) of the Uniform Local Rules of the U.S. Bankruptcy Courts for the Northern and Southern Districts of Mississippi ("Local Rule 7056-1"). Previously, the Court has denied a defective motion for summary judgment for failing to comply with Local Rule 7056-1. *See Mansfield Oil Co. of Gainesville, Inc. v. Capitala Fin. Corp. (In re On-Site Fuel Serv., Inc.)*, No. 19-00059-NPO (Bankr. S.D. Miss. Oct. 2, 2020) (Dkt. 437 at 22-23). Here, because the burden of production never shifted to Hollins, it is unnecessary for the Court to consider the consequences of Hollins' violation of Local Rule 7056-1.

knowledge of its falsity or ignorance of the truth; (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) its reliance on its truth; (8) its right to rely thereon; and (9) its consequent and proximate injury. *Thomas v. Rice (In re Rice)*, 526 B.R. 631, 644-45 (Bankr. N.D. Miss. 2015) (citing *Great S. Nat'l Bank v. McCullough Envt'l Servs. Inc.*, 595 So. 2d 1282, 1289 (Miss. 1992) (internal quotations omitted)); *Spragins v. Sunburst Bank*, 605 So. 2d 777, 780 (Miss. 1992); *Saucier v. Coldwell Banker JME Realty*, 644 F. Supp. 2d 769, 785–86 (S.D. Miss. 2007) (applying Mississippi law); *Shell Oil Co. v. Mills Oil Co.*, 717 F.2d 208, 214 (5th Cir. 1983). Although Jefferson Bank's dischargeability arguments in the Summary Judgment Brief under § 523(a)(2) overlap with many of the elements of a fraud claim under Mississippi law, there are some important differences. For example, the level of reliance differs under § 523(a)(2) and Mississippi law. "In the absence of a judgment with the necessary factual predicates, summary judgment is ordinarily not granted in dischargeability adversary proceedings, since such motions usually involve questions of motive and intent." 10 COLLIER ON BANKRUPTCY ¶ 7056.11 (16th ed. 2020). The Summary Judgment Motion does not treat the fraud claim under Mississippi law separately or plead with particularity that it should be reduced to a judgment. The requirement that inferences be drawn in favor of the nonmoving party provides an additional obstacle for Jefferson Bank to prevail on its Summary Judgment Motion. *Id.* Therefore, the Court finds that there is insufficient summary judgment evidence to support a claim for fraud under Mississippi law.

**Conclusion**

The Court, therefore, finds that Jefferson Bank has not overcome the threshold issue required in a summary judgment analysis of its dischargeability claims. *In re Morrison*, 555 F.3d at 478-79 (holding that bankruptcy courts have both subject matter jurisdiction and the constitutional authority to liquidate state-law claims as part of the adjudication of any dischargeability issue). Because § 523(a) applies to the dischargeability of a "debt," a debt must exist before the statute may be invoked. *In re Cirincione*, No. 04-21840, 2005 WL 1115249, at *4-6 (Bankr. W.D. Mo. Apr. 12, 2005). Simply put, Jefferson Bank's arguments under § 523(a)(2)(A) and (B) are premature. *Helana Agri-Enterprises, LLC v. Young (In re Young)*, No. 17-14065-NPO, 2018 WL 6060338 at *6 (Bankr. S.D. Miss. Nov. 19, 2018). The Summary Judgment Motion should be denied for that reason alone. In addition, "[t]he Court has the discretion to deny motions for summary judgment and allow parties to proceed to trial so that the record might be more fully developed for the trier of fact." *In re Young*, 2018 WL 6060338 at *4 (internal citations & quotations omitted). Accordingly, the Court finds that the Summary Judgment Motion should be denied to allow a further record to be developed at trial. *See Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 538 (5th Cir. 2012); *River Region Med. Corp.*, No. 3:13-cv-793-DPJ-FKB, slip op. at 4-6; *see also Kunin v. Feofanov*, 69 F.3d 59, 62 (5th Cir. 1995); *Black v. J.I. Case Co.*, 22 F.3d 568, 572 (5th Cir. 1994); *Veillon v. Exploration Servs., Inc.*, 876 F.2d 1197, 1200 (5th Cir. 1989).

IT IS, THEREFORE, ORDERED that the Summary Judgment Motion is hereby denied.

##END OF OPINION##